UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DANA RAYNE MORRISON | ) | |
| | ) | |
| v. | ) | No.1:06-cv-14; 1:05-cr-6026 |
| | ) | *Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Dana Rayne Morrison ("Morrison") has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct her 36-month sentence of imprisonment for violating conditions of her supervised release. In her motion, Morrison alleges several constitutional infringements occurred during the revocation proceedings.

### **I. Background**

In February of 1999, Morrison was convicted in the Northern District of Georgia, pursuant to her guilty pleas, of one count of credit card fraud, in violation of 18 U.S.C. § 1029(a)(2) and (b)(2); twenty-one counts of using false social security numbers, in violation of 42 U.S.C. § 408(a)(7)(B); four counts of bank fraud, in violation of 18 U.S.C. § 1344; and one count of uttering a counterfeit cashier's check, in violation of 18 U.S.C. § 513(a). The district court sentenced her to 81 months imprisonment, to be followed by five years of supervised release. Morrison completed her sentence of confinement and began her supervised release term on May 28, 2004, which was scheduled to terminate on May 28, 2009.

On June 4, 2005, jurisdiction for her supervised release was transferred to this Court and, that same day, her probation officer filed a petition to revoke her supervised release (Ct. File. Nos.

1, 2). On July 8, 2005, Morrison pleaded guilty to violating six conditions of her supervised release and, upon a finding that she, in fact, had violated the conditions of her supervised release, the Court revoked her release and sentenced her to 36 months of imprisonment (Ct. File Nos. 6, 8), rather than the 21-27 months provided in the policy statement of the United States Sentencing Guidelines ("Guidelines") for her violation. After considering the factors identified in 18 U.S.C. § 3553, the Court determined Morrison should be sentenced to 36 months because she had engaged in the same type of criminal behavior during supervised release as she had when she committed her original federal offenses; she lacked the ability to comply with any conditions of supervised release that might be imposed; and she needed to be incapacitated to protect the public from further offenses involving financial fraud [Court File No. 15, July 8, 2005 Revocation. Hr'g Tr., p. 11). She did not appeal, but instead filed this timely motion to vacate, alleging several claims for relief.

## II. Standard of Review

This Court must vacate and set aside the sentence if it finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . . ." 28 U.S.C. § 2255. Under Rule 4 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

Having reviewed the materials submitted, together with the complete record of the

2

underlying revocation, the Court finds they show conclusively defendant is not entitled to relief and further finds an evidentiary hearing is not necessary. *See United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.), *cert. denied,* 508 U.S. 943 (1993).

### III. Analysis

**A.** *Lack of Jurisdiction*

Morrison's first claim is this Court had no jurisdiction to revoke her supervised release because she "had not relinquished her first jurisdiction." She contends "the probation department could not produce at the [revocation] hearing any signed document requesting a jurisdictional change" and she should have been transferred to Atlanta, Georgia to allow the district court that sentenced her originally to rule on this matter. The Court disagrees.

Jurisdiction over Morrison's supervised release was properly transferred to this Court pursuant to 18 U.S.C. § 3605 (Ct. File No. 1). Morrison does not possess a protectible liberty interest in the site of her supervision jurisdiction nor in having the same judicial officer who sentenced her preside over her revocation proceedings. *United States v. Ohler*, 22 F.3d 857, 858-59 (9th Cir. 1993). Although Morrison's original sentence was imposed by another district court, this Court became quite familiar with her case and it had the authority to sentence Morrison to three years imprisonment, which it did.[1] This claim is baseless.

Not only is this claim baseless, but it has also been procedurally defaulted by Morrison's

---

[1] At the time Morrison appeared before this Court, pursuant to Title 18, U.S.C. § 3583(a) (2) and (e)(3), she was facing up to three years of imprisonment for the supervised release violations because, contrary to her assertion, her original bank-fraud convictions are Class B felonies, not Class C offenses. *See* 18 U.S.C.§ 1344 (authorizing sentence of up to 30 years for bank fraud); § 1344(a)(2) (Class B felony if maximum sentence authorized is more than 10 years but less than 25 years). Moreover, though she correctly points out the policy statement of the Guidelines sets a range of 21-27 months for her violation, *see* USSG § 7B1.4, as stated earlier, the Court considered the factors in § 3553 in making the decision to resentence Morrison outside the recommended range, as was appropriate. *United States v. Donald*, 106 Fed.Appx. 429, 433 (6th Cir. Aug. 12, 2004) (unpublished disposition).

earlier failure to raise it (*i.e.*, at the revocation hearing or on direct appeal) and by her present failure to show cause or prejudice to excuse the default. *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (requiring a petitioner who had failed to raise an issue at sentencing or on appeal to show cause and prejudice for his double default).

**B.** *The Seven-Day Rule*

In this claim, Morrison asserts she was denied a seven-day period "to get her probation affairs in order." However, she cites to no authority, and the Court is aware of none, that supports her allegation. Claims that lack a legal basis, as does this one, are frivolous. Not only is this claim baseless but it too has also been procedurally defaulted since it has never been raised before and since no cause or prejudice is alleged.

**C.** *Dereliction of duty*

Morrison faults her probation officer for failing to assist her when she began having financial difficulties following a decrease in her income after she lost one of her two jobs. It is her theory, although her probation officer knew she had "a problem with her check writing issue," he failed to help her obtain counseling, but instead, pursued a revocation of her supervised release, and, thereby neglected to perform his duties under 18 U.S.C. § 3603.

While a probation officer is required to aid persons under supervision to bring about improvements in their conduct, 18 U.S.C. § 3603, the Court knows of no statute or rule which obliges an officer to go to the lengths Morrison suggests. The Court is familiar with and has recommended counseling for substance abuse and for mental conditions, but is unaware of any counseling that helps to prevent the type of fraudulent conduct in which Morrison engages. (One of the violations was five misdemeanor charges for writing bad checks.)

4

**D.** *Ineffective Assistance of Counsel*

Morrison contends, in her third claim, her appointed attorney only met with her for approximately ten minutes prior to entering the courtroom; did not discuss her case with her; did not address the jurisdiction issue, as she requested; withheld his name from her at the revocation hearing (she claims to have learned his identity three months later); and uttered only two words during the proceedings. According to Morrison, her attorney's alleged shortcomings amounted to ineffective assistance.

In order to demonstrate ineffective assistance of counsel, Morrison must meet a two-prong test: she must show 1) her attorney's representation fell below the standard of competence demanded of attorneys in criminal cases and 2) a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). There is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Id.*, at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 508 U.S. 975 (1993).

However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. A court need not address both components of the test because where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*, 466 U.S. at 697.

After Morrison, through her attorney, admitted the supervised release violations, this Court

5

sentenced her to the maximum term of confinement of 36 months because the Court determined the sentence should be 36 months for the reasons stated earlier. Even if counsel had objected to the 36-month sentence, the maximum sentence would still have been imposed. Therefore, even if counsel was ineffective for failing to argue against the 36-month term of imprisonment (which the Court does *not* find), Morrison has not borne her burden of showing prejudice resulting from the alleged deficient performance.

### IV. Conclusion

Therefore, the Court concludes Morrison is not entitled to any relief under 28 U.S.C. § 2255 and her motion will be **DENIED**.

Finally, Morrison may not appeal a final order in this § 2255 case to the United States Court of Appeals for the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). The Court must now consider whether to issue a certificate of appealability (COA) should Morrison file a notice of appeal. Issuance of a COA depends entirely upon whether Morrison has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has individually assessed Morrison's claims under the relevant standards and finds those claims do not deserve to proceed further since they have no viability in light of the governing law and since jurists of reason would not conclude the disposition of those claims was debatable or wrong. Because Morrison has failed to make a substantial showing of the denial of a constitutional right, a COA will not issue.

6

Case 1:06-cv-00014   Document 2   Filed 08/16/06   Page 6 of 7   PageID #: 6

A separate order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

7